JOHN W. HUBER (#7226)
United States Attorney
JOHN MANGUM (#2072)
Assistant United States Attorney
185 South State Street, Suite 300
Salt Lake City, UT 84111
Telephone: (801) 524-5682

RICK WATSON (*pro hac vice*)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Tel: (202) 353-0300

Attorneys for United States

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case 2:13-cv-0999-RJS-PMW |
| | ) | |
| SERGIO FERNANDO SOSA and | ) | |
| SERGIO CENTRO LATINO | ) | |
| | ) | |
| Defendants | ) | |

## UNITED STATES' MOTION TO CONSOLIDATE

The United States of America hereby moves this Court pursuant to Fed.R.Civ.P.

42(a) and DUCivR 42-1 to consolidate this case with the case of *United States v. David*

*H. Sosa, et al.*, 2:16-cv-00352-DAK (D. Utah), currently pending in this Court.

Consolidation is proper in this case as the cases contain similar issues of law and fact,

arise (at least in part) from substantially the same transaction or event, involve

1

substantially the same parties, call for determination of substantially the same question

of law, and would promote the efficiency of the resolution of both cases.  In support of

this motion, the United States avers as follows.

**Facts**

*United States v. Sergio Fernando Sosa et al.*

In this action, the United States seeks a permanent injunction against individual

defendant Sergio Fernando Sosa and his wholly owned company, Sergio Centro Latino

("SCL"), essentially preventing either from engaging in the preparation of income tax

returns for any individual or entity other than themselves and engaging in any conduct

related to the preparation of income tax returns prohibited by the Internal Revenue

Code (Dkt. # 2).  The complaint alleges that both defendants, and their employees,

engaged in the false or fraudulent preparation of income tax returns for tax years 2007 –

2012, resulting in the potential loss of millions of dollars to the United States.  *Id*. The

complaint alleges that the defendants' fraudulent and deception conduct included false

filing status elections, falsely claiming dependency exemptions, falsely claiming or

inflating claims related to the earned income tax credit ("EITC"), falsely claiming or

inflating claims related to the Additional Child Tax Credit ("ACTC"), falsely including

expenses and deductions related to fictitious business entities, and failing to calculate or

incorrectly calculating self-employment tax liabilities.  *Id*., ¶ 16.

The procedural history of this case is challenging.  The Court entered a

Scheduling Order on July 8, 2014, establishing a discovery cutoff date of May 29, 2015.

Dkt. # 18.  Soon thereafter, the parties began settlement negotiations, and requested

that the Court extend the discovery cutoff until November 30, 2015.  Dkt. # 20.  The Court granted that motion on July 2, 2015.  Dkt. # 21.

Ultimately, the attempts at settlement were unsuccessful.  Then, on August 11, 2015 and September 16, 2015, defendants' attorneys filed motions to withdraw.  Dkt. ## 22 and 25.  The second of those motions was granted on October 5, 2015.  Dkt. # 26. On November 16, 2015, defendants' current counsel filed a notice of appearance in this case.  Dkt. # 27.

On November 30, 2015, the United States and defendants' counsel filed a second joint motion requesting that the Court again extend discovery in this case until May 31, 2016.  Dkt. # 28.  In that motion, the parties informed the Court that the United States issued discovery requests to plaintiff on December 8, 2014.  Id., p. 2.  The defendants have failed to respond to those discovery requests.  The United States is currently attempting to resolve this issue with defendants' counsel.

### United States v. David H. Sosa et al.

On April 29, 2016, the United States filed in this Court a second complaint against SCL and three individual defendants, David H. Sosa (Sergio Fernando Sosa's son), Cinthia T.C. Galeano (David H. Sosa's wife), and Alma Rose Godinez.  *See United States v. David H. Sosa, et al.*, 2:16-cv-00352-DAK (D. Utah), Dkt. # 2.  That complaint seeks a permanent injunction essentially preventing those defendants from engaging in the preparation of income tax returns for any individual or entity other than themselves and engaging in any conduct related to the preparation of income tax returns prohibited by the Internal Revenue Code.  *Id*.  The complaint in this second case alleges that both defendants, and their employees, engaged in the false or fraudulent

3

preparation of income tax returns for tax years 2012 and 2013, resulting in the potential

loss of millions of dollars to the United States.  *Id*. The complaint alleges that the

defendants' engaged in much of the same fraudulent and deception conduct contained

in this case, including false filing status elections, falsely claiming dependency

exemptions, falsely claiming or inflating claims related to the earned income tax credit

("EITC"), falsely claiming or inflating claims related to the Additional Child Tax Credit

("ACTC"), falsely including expenses and deductions related to fictitious business

entities, and failing to calculate or incorrectly calculating self-employment tax liabilities.

*Id*., ¶ 18.  The complaint further alleges that David H. Sosa has been an employee of

SCL since 2000, and is the current manager of SCL.  *Id*., ¶ 10.  The complaint further

alleges that Cinthia T.C. Galeano has been an employee of SCL since 2002.  *Id*., ¶ 11.

Discovery in this second case has not yet commenced.

**Law**

Federal Rule of Civil Procedure 42(a) provides that:

> If actions before the court involve a common question of law or
> fact, the court may:
>> (1) join for hearing or trial any or all matters at issue in the
>> actions;
>> (2) consolidate the actions; or
>> (3) issue any other orders to avoid unnecessary cost or delay.

Fed.R.Civ.P. 42(a).  The decision as to whether to consolidate case is at the discretion

of the trial court.  *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).  Under the

local rules of this Court, motions to consolidate may be made where cases: "(i) arise

from substantially the same transaction or event; (ii) involve substantially the same

parties or property; . . . [or] (iv) call for determination of substantially the same questions

of law."  DUCivR 42-1.  Each of those factors is present here.

4

First, both cases arise, at least partially, from the same transaction or event. Specifically, both cases involve allegations that employees of SCL prepared engaged in false and deceptive conduct in the preparation of federal income tax returns for tax year 2012.  The conduct complained of in this regard, as demonstrated above, is essentially identical for both sets of defendants.  The resolution of the allegations as to tax year 2012 in this case are inextricably tied to the allegations for that same tax year in the David H. Sosa case.  Therefore, consolidation of the actions will ensure that no duplicative discovery is required, and that at least partially duplicative trials are not required.

Next, the cases involve substantially the same parties.  Sergio Centro Latino is a defendant in both cases.  David H. Sosa and Cinthia T.C. Galeano, although not named in this case, were employees of SCL during each of the years at issue in both cases. They are therefore at least witnesses in this case, if not members of the group of employees allegedly committing false and deceptive acts in the preparation of federal income tax returns for the tax years present here (one of which, as discussed above, overlaps both cases).  Again, consolidation of the two actions will ensure the resources of the parties and the Court are not needlessly expended in duplicative actions.

Finally, both cases deal with exactly the same legal issue, namely, whether the largely overlapping defendants engaged in false and deceptive conduct in the preparation of federal income tax returns and/or violated other provisions of the Internal Revenue Code during the tax years between 2007 and 2013, inclusive, and, if so, whether the issuance of a permanent injunction is required to ensure that such conduct ceases.  The resolution of this case alone would not necessarily achieve a resolution of

the David H. Sosa case, given that the defendants and tax years do not completely overlap.  Therefore, if the cases are not consolidated, the parties and the Court would be required to conduct duplicative litigation in front of another judge, thereby wasting the resources of the parties and the Court.

As demonstrated above, substantial duplication of labor and unnecessary court costs will result if these two cases are not consolidated.  Therefore, the Court should grant the instant motion and consolidate the two actions.

Respectfully submitted this 10th day of June, 2016.

JOHN W. HUBER
United States Attorney
JOHN MANGUM (#2072)
Assistant United States Attorney

/s/Rick Watson
RICK WATSON (*pro hac vice*)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044-0683

Attorneys for United States

**CERTIFICATE OF SERVICE**

It is hereby certified that service of the foregoing was completed on June 10,

2016, by filing that document through the Court's electronic filing system, which effected

service on the following:

TESSA MEYER SANTIAGO
Lincoln Law, LLP
921 W. Center
Orem, Utah 84507

Attorneys for Defendants


/s/Rick Watson
Rick Watson
Trial Attorney, Tax Division
U.S. Department of Justice