IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SERGIO FERNANDO SOSA and<br>SERGIO CENTRO LATINO,<br><br>Defendants. | MEMORDANUM DECISION<br>AND ORDER<br><br>Case 2:13-cv-0999-RJS-PMW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Paul M. Warner |

District Judge Robert J. Shelby referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is a motion to consolidate the above-captioned action (the "999 Action") with *United States v. David H. Sosa, et al.*, 2:16-cv-00352-DAK (the "352 Action").

## BACKGROUND

### 999 Action

In the above-captioned action, the United States alleges that defendant Sergio Fernando Sosa and his company, Sergio Centro Latino ("SCL") engaged in the false or fraudulent preparation of federal income tax returns over several years. The alleged misconduct includes using false filing status elections, falsely claiming dependency exemptions, falsely claiming or inflating claims related to the earned income tax credit ("EITC"), falsely claiming or inflating claims related to the Additional Child Tax Credit ("ACTC"), falsely including expenses and

---

[1] Docket no. 24.

deductions related to fictitious business entities, and failing to calculate or incorrectly calculating self-employment tax liabilities.

The United States seeks a permanent injunction against Sergio Fernando Sosa and SCL precluding their involvement in the preparation of tax returns.

### 352 Action

In the 352 Action, the United States alleges that the same company, SCL, and its employees engaged in the false or fraudulent preparation of federal income tax returns. Sergio Fernando Sosa is not named as an individual defendant in this action; however, he would be involved in the 352 Action as the owner of SCL and as the employer of the named individual defendants. In addition, some of the individual defendants in the 352 Action are also closely related to Sergio Fernando Sosa.

The 352 Action involves allegations that the defendants engaged in conduct and a scheme nearly identical to those alleged in the 999 Action.[2]  The United States again seeks a permanent injunction precluding defendants' involvement in the preparation of tax returns.

Although the 999 Action is the older case, there is no trial date set, and the action is still in the relatively early stages procedurally. The 352 Action has a trial date in December 2017.[3]

### DISCUSSION

Consolidation is governed by rule 42(a) of the Federal Rules of Civil Procedure and DUCivR 42-1. Local rule 42-1 states:

> Any party may file a motion and proposed order to consolidate two or more cases before a single judge if the party believes that such cases or matters:

---

[2] *See, e.g.*, docket no. 2 at ¶¶ 18-24; *United States v. David H. Sosa, et al.*, 2:16-cv-00352, docket no. 2 at ¶¶ 20-26.
[3] *United States v. David H. Sosa, et al.*, 2:16-cv-00352, docket no. 19.

> (i) arise from substantially the same transaction or event;
> (ii) involve substantially the same parties or property;
> (iii) involve the same patent, trademark, or copyright;
> (iv) call for determination of substantially the same questions of law; or
> (v) for any other reason would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges.
>
> The court may sua sponte enter an order of consolidation.
>
> Any motion pursuant to this rule shall be filed in the lower-numbered case, and a notice of the motion shall be filed in all other cases which are sought to be consolidated. The motion shall be decided by the judge assigned the lower-numbered case. If the motion is granted, the case will be consolidated into the case with the lowest number.

DUCivR 42-1.

Here, all of the relevant factors support consolidation. Both actions "arise from substantially the same transaction or event" and "involve substantially the same parties or property." DUCivR 42-1. Both actions involve allegations that SCL and its employees engaged in misconduct in preparing federal income tax returns. SCL is a defendant in both cases, and the individual defendants were all employees of SCL. Both actions involve the same types of legal issues, including allegations of false and deceptive conduct in preparing tax returns and violations of the Internal Revenue Code. Both actions also seek permanent injunctions against defendants to preclude similar conduct. Given the substantial degree of overlap between the facts, issues, parties, and witnesses, having different judges would necessarily lead to "substantial duplication of labor" and "unnecessary court costs." *Id.*

For the foregoing reason, the motion to consolidate is **GRANTED**.[4] Pursuant to Rule 42 and DUCivR 42-1, Case 352 is hereby consolidated with Case 999. All subsequent docketing

---

[4] Docket no. 30.

shall occur in *United States v. Sosa*, case no. 2:13-cv-00999.

**IT IS SO ORDERED.**

DATED this 4th day of October, 2016.

BY THE COURT:

_____

PAUL M. WARNER
United States Magistrate Judge

4